UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIV PATEL and JAMIE POSNER, on behalf of themselves and other individuals similarly situated,<br><br>          Plaintiffs,<br><br>  against<br><br>ST. JOHN'S UNIVERSITY,<br><br>          Defendant. | Case No. 20-cv-2114-LDH-SMG<br><br>**AMENDED<br>CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Named Plaintiffs SHIV PATEL and JAMIE POSNER (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, bring this class action against Defendant, ST. JOHN'S UNIVERSITY ("Defendant"), alleging the following upon information and belief, except for those allegations pertaining to Plaintiffs, which are based on personal knowledge.

### NATURE OF THE ACTION

1. This class action is brought on behalf of Named Plaintiffs SHIV PATEL and JAMIE POSNER and those similarly situated who paid tuition and fees for the Spring 2020 semester, Summer 2020 semester, or any future semester at St. John's University ("STJ") affected by the Novel Coronavirus Disease 2019 ("COVID-19"), and who had their class(es) moved to online learning.

2. As a result of Defendant's response to COVID-19, Plaintiffs and members of the Class did not receive the in-person benefits and services for which they bargained for in exchange

for tuition and various fees paid, including but not limited to the University General Fee ("Mandatory Fees").

3. Plaintiffs and Defendant entered into a contract whereby Plaintiffs would provide payment in the form of tuition and Mandatory Fees and Defendant would provide in-person educational services, experiences, opportunities, and other related services.

4. The Spring 2020 semester was scheduled to run from approximately January 22, 2020 through May 13, 2020. However, the last in-person classes were held on or around February 28, 2020, as the university closed for spring break from March 2 through March 7, 2020, and students never returned to campus following spring break. Similarly, at around the same time, all STJ events, clubs, organizations and similar experiences and opportunities were cancelled.

5. Based on these closures, Defendant has failed to uphold its end of the contract to provide in-person educational services, opportunities, and experiences.

6. Despite Defendant's failure to provide the services and experiences as bargained for, Defendant has not offered any refund of the tuition and Mandatory Fees that Plaintiffs and the Class had paid.

7. In short, Plaintiffs and the members of the Class have paid for tuition for a first-rate education and an on-campus, in person educational experiences, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiffs with STJ.

8. As to the Mandatory Fees, Plaintiffs and the Class have paid fees for services and facilities which are simply not provided. For example, STJ assesses the University General Fee, which is "assessed to all registered students per semester regardless of modality [and] includes but

is not limited to the use of athletic facilities, the Counseling Center, Health Services, Library, Career Center, Transcripts and Registration.[1]

9. This failure also constitutes a breach of the contracts entered into by Plaintiffs with STJ.

10. Plaintiffs seeks, for themselves and Class members, the STJ's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time in the respective semesters when the STJ closed and switched to online only learning.

11. Plaintiffs seek for themselves and Class members protections including injunctive and declaratory relief protecting Class Members for paying the full cost of tuition and Mandatory Fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences Defendants can actually safely provide.

## FACTS

12. Plaintiffs and Class Members are individuals agreed to pay tuition and Mandatory Fees for the Spring 2020 semester, Summer 2020 semester, and/or any future semester to STJ affected by COVID-19.

13. Defendant accepted Plaintiffs' and Class Members' payments in exchange for in-person educational services, experiences, and opportunities as detailed in Defendant's marketing, advertisements, and other public representations.

14. Based on the academic schedule, the Spring 2020 semester at STJ commenced on or around January 22, 2020 and was scheduled to conclude on or around May 13, 2020. The

---

[1] *See* https://www.stjohns.edu/admission/tuition-and-financial-aid/tuition/university-fees (last accessed Aug. 12, 2020).

Summer 2020 semester at STJ was scheduled to commence on or around May 18, 2020 and was scheduled to conclude on or around August 19, 2020.

15. Plaintiff Shiv Patel was an undergraduate student during the Spring 2020 semester. STJ charged Plaintiff Patel approximately $21,845 in tuition and $435 in Mandatory Fees during the Spring 2020 semester.

16. Plaintiff Posner was a graduate student during the Spring 2020 semester. STJ charged Plaintiff Posner approximately $3,795 in tuition and $370 in Mandatory Fees during the Spring 2020 semester.

17. STJ generally charges tuition and Mandatory Fees on a per credit hour basis, which varies depending on residential status and campus location, and differs for undergraduate and graduate students, depending on the program.

18. Plaintiffs and members of the Class paid tuition and Mandatory Fees for in-person educational services, experiences, opportunities, and other related collegiate services for the entire semester.

19. On or around March 9, 2020, STJ announced that because of COVID-19 it would suspend all in-person classes until March 27, 2020, and then on March 16, 2020, announced it would do so for the remainder of the Spring Semester 2020, and that all learning would transition to online.

20. Defendant was unable to provide in-person educational experiences, services, and opportunities for over 50% of the Spring 2020 semester.

21. As a result of Defendant's closure, Defendant has not complied with its obligation to provide in-person educational services along with other experiences, opportunities, and services Plaintiffs and the Class paid for.

4

22. Plaintiffs and the Class did not enter into an agreement with Defendant for online education, but rather sought to receive in-person education from Defendant's institution.

23. Therefore, Plaintiffs and Class Members are entitled to a pro-rata refund of the tuition and Mandatory Fees they paid to Defendant for in-person educational services as well as other marketed collegiate experiences and services that were not provided because STJ transitioned to online-only learning, and the services and experiences for which the fees were intended to pay were not provided.

## JURISDICTION AND VENUE

24. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

25. This court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides within this district.

## PARTIES

27. Plaintiff SHIV PATEL is an undergraduate student at STJ and is a resident of Nassau County, New York. Plaintiff was enrolled as an undergraduate student at STJ's Tobin College of Business during the Spring 2020 semester. Plaintiff has not received a refund and/or

discount of tuition and Mandatory Fees paid to Defendant, despite the fact that STJ has been shut down since on or about March 9, 2020.

28. Plaintiff JAMIE POSNER was a graduate student at STJ and is a resident of Nassau County, New York. Plaintiff was enrolled as a graduate student at STJ's School of Education during the Spring 2020 semester. Plaintiff has not received a refund and/or discount of tuition and Mandatory Fees paid to Defendant, despite the fact that STJ has been shut down since on or about March 9, 2020.

29. Defendant St. John's University is a private university whose principal place of business is located at 8000 Utopia Parkway, Jamaica, New York 11439.

## **CLASS ALLEGATIONS**

30. Plaintiffs brings this matter on behalf of themselves and those similarly situated. As detailed in this Complaint, Defendant failed to provide the in-person education services the Plaintiffs and Class paid tuition and Mandatory Fees to receive during the Spring Semester 2020, Summer 2020 semester, with the possibility of future semesters.

31. Plaintiffs and the Class were impacted by and damaged by this misconduct.

32. Accordingly, this action is ideally situated for class-wide resolution.

33. The Class is defined as all individuals who paid tuition and Mandatory Fees to attend STJ to receive in-person educational services, experiences, and opportunities during the Spring Semester 2020, Summer 2020 semester, or any future semester, but had their class(es) moved to online learning. ("Class").

34.     The Class is properly brought and should be maintained as a class action under FRCP 23 satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

35.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Based on enrollment reports, Plaintiffs believe that there are over 8,000 Class Members described above who have been damaged by Defendant's breach of contract.

36.     <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

   a. Whether Defendant accepted money from Plaintiffs and Class Members in exchange for a promise to provide services;
   b. Whether Defendant provided those services as bargained for;
   c. Whether Plaintiffs and the Class Members are entitled to a pro-rata portion of the tuition and fees paid for services that were not provided.;
   d. Whether Defendant was unjustly enriched;
   e. Whether Defendant converted money from the Plaintiffs and Class Members.

37.     <u>Typicality</u>: Plaintiffs are each a member of the Class. Plaintiffs' claims are typical of the claims of each Class Member in that every member of the Class was subject to Defendant's breach of contract, unjust enrichment and conversion. Plaintiffs are entitled to relief under the same causes of action as the other Class Members.

38.     <u>Adequacy</u>: Plaintiffs are each an adequate Class representative because their interests do not conflict with the interests of the Class Members they seek to represent; their claims are common to all members of the Class and they have a strong interest in vindicating their rights; they have retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiffs have no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiffs and

their counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiffs and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

39. The Class is properly brought and should be maintained as a class action under FRCP 23 because a class action is superior to traditional litigation of this controversy. Common issues of law and fact predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading practices.

40. In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia:*

41. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

   a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;
   b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions;
   c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Class and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;
   d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;
   e. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;
   f. This class action will assure uniformity of decisions among Class Members;
   g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

  h. Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by single class action; and

  i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's deceptive and discriminatory consumer practices.

42. Accordingly, this Class is properly brought and should be maintained as a class action under FRCP 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

43. Plaintiffs and the Class can maintain this action as a class action under FRCP 23(b)(1), (2), and (3).

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
**(On Behalf of Plaintiffs and All Class Members)**

44. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

45. Plaintiffs, on behalf of themselves and other members of the Class, bring a common law claim for Breach of Contract.

46. By accepting payment, Defendant entered into contractual arrangements with Plaintiffs and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020, Summer Semester 2020, and any future semester.

47. STJ has held that its in-person educational opportunities, experiences, and services are of substantial value.

48. STJ has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

9

49. STJ has promoted its in-person educational services as being valuable to students' educational experiences and their development.

50. In marketing materials and other documents provided to Plaintiffs, Defendant promoted the value of the in-person education experiences, opportunities, and services that Defendant provided.

51. Defendant provided Plaintiffs with an acceptance letter that Plaintiffs accepted based on the promise of in-person educational experiences, opportunities, and services that Defendant would provide.

52. Plaintiffs' and Class Members' payment of tuition and Mandatory Fees were intended to cover in-person education, experiences, and services throughout the entirety of the semesters.

53. Defendant received and retained the benefits without providing those benefits to Plaintiffs and Class Members.

54. As a direct and proximate result of Defendant's breach of contract, Plaintiffs and Class Members have been harmed by not receiving the educational experiences, opportunities, and services they paid for during the entire semester.

55. Defendant is required to perform under the contract and COVID-19 does not excuse such performance. Therefore, Defendant should be required to return pro-rata shares of the tuition and Mandatory Fees paid by Plaintiffs and Class Members that related to services that were not provided for after STJ shut down in or around March 2020.

## SECOND CAUSE OF ACTION
## CONVERSION
**(On Behalf of Plaintiffs and All Class Members)**

56. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

57. Plaintiffs, on behalf of themselves and other members of the Class, bring a common law claim for Conversion.

58. Plaintiff and Class Members have an ownership right to the in-person educational services based on their payment of tuition and Mandatory Fees for the Spring Semester 2020 and Summer Semester 2020.

59. Defendant intentionally interfered with Plaintiffs and the Class Members' ownership right when it canceled in-person instructions for the remainder of the Spring Semester 2020, and for the Summer Semester 2020.

60. Plaintiffs and the Class Members were damaged by Defendant's interference as they paid for educational experiences and services for the entirety of the semesters, which were not provided.

61. Plaintiffs and the Class Members are entitled to a pro-rata share of the tuition and Mandatory Fees they paid for but were not provided resulting from Defendant's interference.

### THIRD CAUSE OF ACTION
### COMMON LAW UNJUST ENRICHMENT
**(On Behalf of Plaintiffs and All Class Members in the Alternative)**

62. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

63. Plaintiffs, on behalf of themselves and other members of the Class, brings a common law claim for unjust enrichment in the alternative, should there be no contract between Plaintiffs and Defendant.

64. Plaintiffs and Class Members conferred financial benefits and paid substantial tuition and Mandatory Fees to Defendant for educational and related services for the Spring Semester 2020 and Summer Semester 2020. As bargained for these tuition and Mandatory Fee

payments were intended to cover in-person education and experiences throughout the entire semesters.

65. Defendant accepted the obligation to provide such services when it accepted payment.

66. Defendant retained these payments, despite Defendant's failing to provide the bargained for educational experiences and services for which the tuition and Mandatory Fees were collected to cover. Defendant should be required to return a pro-rated share of any tuition and Mandatory Fees, of which services were not provided as bargained for, since STJ shut down in or around March 2020.

67. Under common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiffs' and Class Members' overpayments.

68. Plaintiffs and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiffs and Class Members may seek restitution.

## **DEMANDS FOR RELIEF**

69. Plaintiffs demand a trial by jury on all issues.

**WHEREFORE,** Plaintiffs, on behalf of themselves and the Class, pray for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiffs as the representatives of the Class under FRCP 23;

(b) Awarding monetary damages, including damages;

(c)     Awarding punitive and treble damages;

(d)     Awarding Plaintiffs and Class Members their costs and expenses incurred in this action, including a reasonable allowance of attorney's fees for Plaintiffs' attorneys and experts, and reimbursement of Plaintiffs' expenses; and

(e)     Granting such other and further relief as the Court may deem just and proper.

Dated:     August 12, 2020
Carle Place, NY

**LEEDS BROWN LAW, P.C.**

_/s/ Brett R. Cohen_

Brett R. Cohen, Esq.
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

&

**THE SULTZER LAW GROUP, P.C.**

Jason P. Sultzer, Esq.
Jeremy Francis, Esq.
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel: (854) 705-9460
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Counsel for Plaintiffs and the Putative Class*