# GARFUNKEL WILD, P.C.
### ATTORNEYS AT LAW

**111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021**
**TEL (516) 393-2200 • FAX (516) 466-5964**
**www.garfunkelwild.com**

MICHAEL J. KEANE
Partner Director
Licensed in NY, NJ
Email: mkeane@garfunkelwild.com
Direct Dial: (516) 393-2263

FILE NO.:   08589.0053

September 14, 2020

**By ECF**
Hon. LaShann DeArcy Hall
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Patel et al. v. St. John's University,* Case No. 1:20-cv-02114

Dear Judge DeArcy Hall:

We represent Defendant St. John's University ("STJ") in the referenced action.  In accordance with Your Individual Practice Rule III(A)(3-4), we write to request a pre-motion conference to discuss STJ's anticipated motion to dismiss Plaintiffs Shiv Patel and Jamie Posner's Amended Complaint (the "Complaint") pursuant to F.R.C.P. 12(b)(6).

**Background**

STJ is a private university with its main campus located in Queens, New York.  Plaintiffs, who are suing on behalf of themselves and other similarly situated STJ students, were enrolled at STJ during the Spring 2020 Semester.

This lawsuit arises out of the closure of STJ's campus and its transition to online learning and operations in March 2020 in order to protect its students and staff from the COVID-19 virus. Like all colleges in New York State, STJ was forced to cease on-campus activity by Governor Andrew Cuomo's Executive Orders 202.6 and 202.8, which required non-essential businesses to reduce their work forces by 50 and 100 percent, respectively.  Despite the unexpected closure of STJ's physical campus, STJ has successfully provided online instruction and services since then.

Plaintiffs commenced this class-action lawsuit to recover damages that they believe they are owed as a result of the closure of STJ's campus.  Specifically, Plaintiffs assert claims for breach of contract, conversion, and unjust enrichment in order to recover: 1) the portion of their tuition and fees that is attributable to the time period when STJ was conducting online classes, and 2) injunctive relief preventing STJ from charging full tuition and fees during the pandemic.  For the reasons described below, Plaintiffs' claims are legally meritless and should be dismissed.

**Plaintiffs' Breach of Contract Claim**

Through their first claim, for breach of contract, Plaintiffs allege that an implied contract exists between STJ and its students and that STJ breached that contract when it transitioned to online classes and operations.  This claim is deficient for the following reasons.

<u>First</u>, Plaintiffs have failed to allege even the most basic elements of their breach of contract claim.  To state a cognizable claim for breach of contract under New York law, "the complaint

must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011). Here, the Complaint does not identify an enforceable contract between the parties. Although a university's publications can sometimes form an implied contract between the institution and its students, the Complaint does not identify which documents, specifically, comprise this particular alleged agreement between the parties. *See Keefe v. New York Law School*, 71 A.D.3d 569 (1st Dep't 2010). Furthermore, Plaintiffs fail to specify which provisions in the alleged agreement STJ supposedly breached when it transitioned to online classes and operations. As for reimbursement for fees, Plaintiffs do not identify any provision that requires STJ to either: 1) provide unfettered access to the services underlying the fees, or 2) refund its flat, per-semester fees on a pro-rata basis. This omission is fatal. *USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244, 276 (E.D.N.Y. 2014).

Second, Plaintiffs have failed to allege that STJ breached this unidentified agreement. In assessing whether a plaintiff has adequately pled breach of an implied contract against a university, courts look to whether the university "acted in 'bad faith or in an arbitrary or irrational manner,' thus giving rise to a viable breach of contract claim." *Pell v. Trs. of Columbia Univ. in City of N.Y.,* No. 97 Civ. 0193, 1998 WL 19989, at *20 (S.D.N.Y. Jan. 21, 1998). The Complaint does not contain any allegations that STJ acted in bad faith, arbitrarily, or irrationally in transitioning to fully online classes and operations.[1] Instead, its allegations prove the opposite – that STJ dutifully complied with Governor Andrew Cuomo's Executive Orders and sought to protect the safety and health of its students and staff.

Third, Plaintiffs' breach of contract claim is, in truth, an impermissible claim for educational malpractice. New York courts generally refrain from interfering with academic decision making because universities "are peculiarly capable of making the decisions which are appropriate and necessary to their continued existence." *Gertler v. Goodgold,* 107 A.D.2d 481, 485-86 (1st Dep't 1985), *aff'd*, 66 N.Y.2d 946 (1985). Accordingly, New York State does not recognize a cause of action for damages for educational malpractice, *i.e.*, "[w]here the essence of the complaint is that the school breached its agreement by failing to provide an effective education." *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 206–07 (S.D.N.Y. 1998). Here, Plaintiffs' primary contention is that STJ provided its students with a lower quality education when it moved its classes online. Such claims constitute "education malpractice" and are not actionable.

Fourth, Plaintiffs' claim is barred by the doctrine of impossibility. "Impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible… [T]he impossibility must have been produced by an unanticipated event that could not have been foreseen or guarded against in the contract." *Bierer v. Glaze, Inc.*, No. CV-05-2459, 2006 WL 2882569, at *6 (E.D.N.Y. Oct. 6, 2006) (quotation omitted). As a direct result of the Governor's Executive Orders, STJ was unable to provide in-person instruction and on-campus activities. Furthermore, a statewide shutdown due to a viral pandemic was unforeseen at the time of the contract formation (assuming without conceding a contract even exists). Under these circumstances, STJ was excused from fulfilling

---

[1] STJ students have always had the option of taking class online or in-person, and STJ charges the same for tuition regardless of which type of classes its students choose.

any alleged contractual obligations to provide in-person instruction or on-campus services.

## Plaintiffs' Conversion Claim

Plaintiffs' conversion claim also fails as a matter of law. In New York, "[a] conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. New York Organ Donor Network, Inc.,* 8 N.Y.3d 43, 49–50 (2006). Plaintiffs' claim is deficient for two reasons.

First, Plaintiffs' claim is substantively identical to their breach of contract claim. It is well-established that a claim for conversion "cannot be predicated on a mere breach of contract." *Costoso v. Bank of Am., N.A.*, 74 F. Supp. 3d 558, 574 (E.D.N.Y. 2015) (quotation omitted). Plaintiffs' conversion claim is based on the exact same action – STJ's transition to online learning – that supposedly violated the alleged contract between the parties. Accordingly, Plaintiffs' conversion claim is predicated on STJ's alleged breach of contract and must be dismissed.

Second, Plaintiffs' claim is improperly based upon their alleged "ownership right to… in-person education services." However, "there is no cause of action for conversion of intangible property under New York law." *Farey-Jones v. Buckingham,* 132 F. Supp. 2d 92, 106 (E.D.N.Y. 2001) (quotation omitted). Plaintiffs' conversion claim therefore fails as a matter of law.

## Plaintiffs' Unjust Enrichment Claim

Plaintiffs have also failed to state a claim for unjust enrichment as a matter of law. The elements of unjust enrichment are: "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir. 2004). Plaintiffs' unjust enrichment claim must be dismissed for two reasons.

First, Plaintiffs' claim is barred because they have not plausibly alleged that they lack an adequate remedy at law. "The existence of a valid written contract generally precludes proceeding on grounds of unjust enrichment… unless there is a bona fide dispute over the existence of the contract or the contract does not cover the dispute in question." *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 443 (E.D.N.Y. 2011). Here, Plaintiffs claim that there is an implied contract between the parties covering the subject matter of this dispute – the type of education and services that STJ students receive. Accordingly, Plaintiffs are not without an adequate remedy at law and their claim for unjust enrichment must be dismissed.

Second, Plaintiffs do not state how STJ was unjustly enriched by transitioning to online classes and operations. Indeed, the Complaint fails to allege that STJ received tuition and fees and did not use them for their intended purposes.[2] Despite the ongoing pandemic, students were still able to take classes and receive credit toward their degrees, just as they bargained for. Therefore, STJ has not been enriched, let alone unjustly enriched.

For these reasons, STJ intends to move to dismiss Plaintiffs' Complaint in its entirety.

---

[2] STJ used the tuition and fees that it received from its students for the Spring Semester to provide classes and student services just as it would in any other semester. Indeed, even before the COVID-19 pandemic, STJ offered online and in-person classes at the same tuition rate.

Respectfully submitted,

*/s/ Michael J. Keane*

Michael J. Keane

cc:     All Counsel of Record

GARFUNKEL WILD, P.C.

5792489v.3