```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
SHIV PATEL, on behalf of himself and others similarly  :
situated, and JAMIE POSNER,                            :
                                                       :
                                                       :
                         Plaintiffs,                   :
                                                       :  REPORT &
      -against-                                        :  RECOMMENDATION
                                                       :  20-CV-2114 (LDH) (SMG)
                                                       :
ST. JOHN'S UNIVERSITY,                                 :
                                                       :
                         Defendant.                    :
---------------------------------------------------------------------- x


---------------------------------------------------------------------- x
BRIAN GALLAGHER, individually and on behalf of         :
others similarly situated,                             :
                                                       :
                                                       :
                         Plaintiff,                    :  REPORT &
                                                       :  RECOMMENDATION
      -against-                                        :  20-CV-3274 (LDH) (SMG)
                                                       :
                                                       :
ST. JOHN'S UNIVERSITY,                                 :
                                                       :
                         Defendant.                    :
---------------------------------------------------------------------- x
```

GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiffs Shiv Patel and Jamie Posner in *Patel v. St. John's University*, 20-CV-2114, and plaintiff Brian Gallagher in *Gallagher v. St. John's University*, 20-CV-3274, (collectively, "plaintiffs"), have initiated putative class action lawsuits against St. John's University. Mem. of Law in Supp of Pls.' Mot. for Consolidation and Appointment of Interim Class Counsel ("Pls.' Mem.") at 1, Dkt. 30-1.[1] The plaintiffs assert breach of contract, unjust enrichment, conversion, and New York General Business Law claims based on the University's decision to switch from on-campus to remote learning in response to the COVID-19 pandemic. Patel Am. Compl. ¶¶ 1–

---

[1] Unless otherwise noted, the documents cited in this Report are filed under docket 20-cv-2114.

11, 44–68, Dkt. 21; Gallagher Compl. ¶¶ 1–4, 60–215, Dkt. 1, 20-CV-3274.  The plaintiffs bring these claims on behalf of "all individuals who paid tuition and Mandatory Fees to attend [St. John's University] to receive in-person educational services, experiences, and opportunities during the Spring Semester 2020, Summer 2020 semester, or any future semester, but had their class(es) moved to online learning."  Patel Am. Compl. ¶ 33; *see also* Gallagher Compl. ¶ 48.  The relief sought in both pleadings includes an award of money damages (or, in the Gallagher Complaint, disgorgement of tuition and fees) and attorneys' fees and costs.  Patel Am. Compl. at 12–13; Gallagher Compl. at 34–35.

Plaintiffs now seek an Order from the Court 1) consolidating[2] the two actions into one proceeding; 2) appointing co-lead interim class counsel; and 3) setting a schedule for the filing of the plaintiffs' consolidated complaint.  Pls.' Mem. at 1.  Plaintiffs propose three firms serve as interim class counsel: Leeds Brown Law, P.C. ("Leeds"), the Sultzer Law Group, P.C. ("Sultzer"), and Anastopoulo Law Firm, LLC ("Anastopoulo").  *Id.* at 10–15.  Defendant does not oppose consolidation of the two actions but does object to plaintiffs' proposal to have three firms, as opposed to two, serve as co-lead interim class counsel; defendant also objects specifically to the appointment of Sultzer.  University Mem. of Law in Opp. to Pls.' Mot. ("Def.'s Mem.") at 1–4, Dkt. 31-2.

For the reasons discussed below, I respectfully recommend consolidating the actions.  I further recommend appointing two of the three proposed firms, to be chosen by plaintiffs, to serve as co-lead interim counsel.

---

[2] Because plaintiffs move to consolidate the two actions, I issue a Report & Recommendation rather than a Memorandum & Order.  *See Reed v. Deja*, 2014 WL 1316232, at *3–*4 (W.D.N.Y. Jan. 13, 2014).

**DISCUSSION**

I. **Motion for Consolidation**

"If actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The trial court has broad discretion to determine whether consolidation is appropriate… [h]owever, the Second Circuit suggests that Rule 42(a) 'be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.'" *Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc.*, 299 F.R.D. 1, 5 (E.D.N.Y. 2014) (citing *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999)). "Consolidation [] further[s] the goal of 'judicial economy'[when] discovery in each case is likely to be identical, [and] motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law." *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009).

Here, as noted above, defendant does not oppose consolidation. Moreover, consolidation is clearly appropriate. The plaintiffs in both cases claim that the University's decision to switch from in-person to remote learning in the Spring 2020 semester warrants reimbursement of a portion of the tuition paid for that semester. *See* Pls.' Mem. at 1–2, 4; Patel Am. Compl. ¶ 10; Gallagher Compl. ¶¶ 1–4. The complaints in the two actions also, as discussed above, seek to certify overlapping classes and to recover similar relief. Discovery in the two cases will therefore be substantially the same, involving the tuition paid for the Spring 2020 semester and circumstances of remote learning, and any motion practice and trial will involve the same questions of fact and law. Accordingly, in the interest of judicial economy, I recommend consolidating the two actions.

II.     **Motion to Appoint Interim Lead Co-Counsel**

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Appointing lead counsel helps to promote efficiency and avoid unruly proceedings [and]… while not required, can help 'clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *In re Parking Heaters Memorandum Antitrust Litig.*, 310 F.R.D. 54, 56 (E.D.N.Y. 2015) (quoting Manual for Complex Litigation § 21.11 (4th ed. 2004)).

"[T]he considerations set out in Rule 23(g)(1)[(A)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Those considerations include "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions…and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Importantly, "the court's task in deciding these motions is 'to protect the interests of the plaintiffs, not their lawyers.'" *In re Parking Heaters*, 310 F.R.D. at 57 (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2006 WL 2038650, at *4 (E.D.N.Y. Feb. 24, 2006)).

Here, plaintiffs propose the appointment of three firms as co-lead interim counsel. Each of the three firms proposed clearly possesses the qualifications required for appointment. Leeds and Sultzer identified and investigated the claims set out in the Patel Complaint, while

4

Anastopoulo performed the same research while preparing the Gallagher Complaint. Decl. of Brett R. Cohen ("Cohen Decl.") ¶¶ 6, 9, Dkt. 30-4; Decl. of Jason Sultzer ("Sultzer Decl.") ¶ 10, Dkt. 33; Decl. of Roy T. Willey IV ("Willey Decl.") ¶ 17, Dkt. 30-7. Each firm also has extensive experience pursuing class action lawsuits and, in the past year, bringing similar suits on behalf of students seeking tuition reimbursement on the same basis. *See* Cohen Decl. ¶¶ 7, 10–14; Sultzer Decl. ¶¶ 7, 9, 12; Willey Decl. ¶¶ 5–8. The firms' expertise and competency in the class action context are reflected by the favorable outcomes they have obtained in previous suits. *See* Cohen Decl ¶¶ 10–14; Sulzter Decl. ¶ 5; Willey Decl. ¶¶ 9, 18; *see also* Pls.' Mem. at 10–15 (summarizing the firms' accomplishments and recognition of those accomplishments). Finally, each firm assures the Court that it has the resources to represent the proposed class; given the firms' resumes and management of the case thus far, the Court has no reason to doubt that representation or the firms' corresponding ability to manage their caseloads. *See* Cohen ¶ 10; Sultzer Decl. ¶ 14; Willey Decl. ¶¶ 10–13.

      The University's contention that Sultzer is not qualified to act as lead interim counsel is unpersuasive. *See* Def.'s Mem. at 5–7. Though it does seem that Sultzer mistakenly filed a declaration from another case, *see* Dkt. 30-5, this minor clerical error was easily remedied with the filing of Sultzer's second declaration, *see* Dkt. 33, and does not indicate that they are not capable counsel—particularly in light of their impressive record, *see* Sultzer Decl. ¶ 6 (noting that the firm's class action practice has been featured in various publications, including Law360, Reuters, CNBC, and the NY Post). Likewise, Sultzer's decision to oppose a motion to adjourn one preliminary conference, *see* Def.'s Mem. at 6–7, hardly suggests that the firm will be so uncooperative as to harm the interests of the class.

Plaintiffs, however, have not demonstrated how the appointment of *three*—as opposed to one or even two—highly qualified firms will serve the interests of the class. Though "[t]he functions of lead counsel may be divided among several attorneys, [] the number should not be so large as to defeat the purpose of making such appointments." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2011 WL 5007957, at *3 (S.D.N.Y. Oct. 18, 2011) (quoting Manual for Complex Litigation § 10.221). In keeping with this principle, courts tend to find multiple-firm appointments appropriate only where joint representation serves some purpose, such as where there are numerous parties or when suits are brought pursuant to complex regulatory frameworks or involve highly technical areas of the law. *Compare Hodges v. Bon Secours Health Sys., Inc.,* 2016 WL 4447047, at *2 (D. Md. Aug. 24, 2016) (declining to appoint multiple firms because "[t]his is not a situation in which each law firm brings a complementary skill set to the litigation…Nor is this a situation involving many consolidated actions and an excessive number of parties" (internal quotation marks and citation omitted)), *with In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 273 (S.D.N.Y. 2009) (finding appointment of co-lead interim counsel appropriate in case "with many different defendants and complicated issues").

Here, in contrast, "[a]lthough the factual circumstances which gave rise to Plaintiffs' claims are certainly unprecedented, the legal theories and claims are not so complex as to warrant a multi-firm counsel structure." *Haynie v. Cornell Univ.*, 2020 WL 6043947, at *3 (N.D.N.Y. Oct. 13, 2020) (appointing only one firm in similar tuition-reimbursement case arising out of transition to remote learning in response to the a pandemic). The claims in both complaints—including breach of contract, unjust enrichment, conversion, and some claims brought pursuant to New York General Business Law—are essentially common law claims. In

6

addition, the relevant facts among the members of the class are fairly straightforward; each class member will have paid spring tuition and then transitioned to remote learning in March. Even if plaintiffs choose to divide the class into two subclasses, one deprived of the benefits of their tuition and another seeking to recover Spring 2020 fees, *see* Gallagher Compl. ¶ 48, those subclasses will likely overlap almost completely and their claims will undoubtedly raise the same questions of law. Nor will management of the class pose unique or difficult challenges; in contrast to multi-district litigation or class actions brought against numerous defendants, the potential plaintiffs here are a limited pool of students who attended St. John's University in the Spring 2020 semester. In short, any one or two of the three proposed firms is "in a position to vigorously litigate these claims." *Haynie*, 2020 WL 6043947, at *3.

Moreover, there may be significant adverse consequences if three firms are appointed as co-counsel. First, scheduling and case management will undoubtedly be more complicated and time-consuming if the schedules of a larger group of attorneys must be considered. Second, as noted above, the complaints in these actions each seek an award of attorneys' fees and costs. This Court's experience teaches that, when multiple law firms are involved, litigation tasks take more time. For example, it is not uncommon in fee applications to see time attributed to conferences among co-counsel. If fees are ultimately awarded in this case, either the Court will be required to carefully scrutinize counsels' billing records and cut the fees sought for the inefficiencies of having multiple firms working together, or defendant will bear the brunt of the appointment of three firms. The same will be true if the case is ultimately resolved by means of a common fund, except that it will be class members rather than defendant who will bear the cost of any inefficiencies that do not result in a reduction of counsel fees awarded.

Plaintiffs shall therefore confer and, within one week of any Order adopting this Report, submit a letter to the Court proposing a revised leadership structure wherein two of the three firms serve as co-lead counsel.  If the plaintiff-firms are unable to reach an agreement, the Court will make the decision for them.

## CONCLUSION

For the reasons set forth above, I respectfully recommend consolidating *Patel v. St. John's University*, 20-CV-2114, and *Gallagher v. St. John's University*, 20-CV-3274.  I further recommending granting plaintiffs' proposal to appoint interim co-lead counsel, but only in part.  Though each of the three proposed firms are qualified to serve as co-lead interim counsel, plaintiffs shall confer and propose a two-firm leadership structure within one week of any Order adopting this Report, and shall by the same date file a consolidated complaint.

Objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than January 11, 2021.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
December 27, 2020

*U:\#ECC 2019-2020\20-cv-2114 Patel Motion to Appoint\20-2114 Patel Motion to Appoint FINAL.docx*