**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

MICHAEL J. KEANE
Partner Director
Licensed in NY, NJ
Email: mkeane@garfunkelwild.com
Direct Dial: (516) 393-2263

FILE NO.:   08589.0053

May 5, 2021

**By ECF**
Hon. LaShann DeArcy Hall
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Patel et al. v. St. John's University*, Case No. 1:20-cv-02114

Dear Judge DeArcy Hall:

We represent Defendant St. John's University ("STJ") in the referenced action. In accordance with Your Individual Practice Rule III(A)(3-4), we write to request a pre-motion conference to discuss STJ's anticipated motion to dismiss Plaintiffs Shiv Patel, Jamie Posner, and Brian Gallagher's Consolidated Complaint (the "Complaint")[1] pursuant to F.R.C.P. 12(b)(6).

## Background

STJ is a private university with its main campus located in Queens, New York. Plaintiffs, who are suing on behalf of themselves and other similarly situated STJ students, were enrolled at STJ during the Spring 2020 Semester.

This lawsuit arises out of the closure of STJ's campus and its transition to online learning and operations in March 2020 in order to protect its students and staff from the COVID-19 virus. Like all colleges in New York State, STJ was forced to cease on-campus activity by Governor Andrew Cuomo's Executive Orders 202.6 and 202.8, which required non-essential businesses to reduce their work forces by 50 and 100 percent, respectively. Despite the unexpected closure of STJ's physical campus, STJ has successfully provided online instruction and services since then.

Plaintiffs commenced this class-action lawsuit to recover the portion of their tuition and fees that is allegedly attributable to the time period when STJ was conducting online classes and obtain injunctive relief preventing STJ from charging full tuition and fees during the pendency of the pandemic. As detailed below, Plaintiffs' claims are legally meritless and should be dismissed.

## Plaintiffs' Breach of Contract Claim

Through their first claim, for breach of contract, Plaintiffs allege that an implied contract exists between STJ and its students and that STJ breached that contract when it transitioned to online classes and operations. This claim is deficient for the following reasons.

First, Plaintiffs fail to allege even the most basic elements of their breach of contract claim.

---

[1] By order dated April 14, 2021, the Court consolidated this matter with related case *Gallagher v. St. John's University*, Case No. 1:20-cv-03274.

Hon. LaShann DeArcy Hall
May 5, 2021
Page 2

To state a breach of contract claim, "the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011). Here, the Complaint does not identify an enforceable contract between the parties, let alone specific contractual provisions that STJ allegedly breached. The Complaint relies on webpages and documents that do not create an enforceable agreement. *See Keefe v. New York Law Sch.*, 71 A.D.3d 569 (1st Dep't 2010); *see also Zagoria v. New York University*, 2021 WL 1026511, at *4 (S.D.N.Y. 2021). As for reimbursement for fees, Plaintiffs do not identify any provision that requires STJ to either: 1) provide unfettered access to the services underlying the fees, or 2) refund its flat, per-semester fees on a pro-rata basis. This omission is fatal. *USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244, 276 (E.D.N.Y. 2014).[2]

Second, Plaintiffs' claim is precluded by the clear language in the STJ Undergraduate and Graduate Bulletins, in which STJ expressly reserves the right to convert courses from in-person to online learning. STJ specifically reserved its right to "withdraw, cancel, reschedule or modify any course, program of study, degree, or any other requirement in connection with any of the foregoing." *Undergraduate Bulletin 2019-2021*, ST. JOHN'S UNIV., pp. 2; *Graduate Bulletin 2018-2020*, ST. JOHN'S UNIV., pp. 2.[3] "Modifying" a course unquestionably includes changing the manner and/or setting in which the course is taught. Accordingly, STJ was well-within its rights when it transitioned to online classes. *See Romankow et al., v. New York Univ.*, 2021 WL 1565616, at *4 (S.D.N.Y. 2021); *Rynasko v. New York Univ.*, 2021 WL 1565614, at *3 (S.D.N.Y. 2021).

Third, Plaintiffs' breach of contract claim is, in truth, an impermissible claim for educational malpractice. New York courts generally refrain from interfering with academic decision making because universities "are peculiarly capable of making the decisions which are appropriate and necessary to their continued existence." *Gertler v. Goodgold,* 107 A.D.2d 481, 485-86 (1st Dep't 1985), *aff'd*, 66 N.Y.2d 946 (1985). Accordingly, New York State does not recognize a cause of action for damages for educational malpractice, *i.e.*, "[w]here the essence of the complaint is that the school breached its agreement by failing to provide an effective education." *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 206–07 (S.D.N.Y. 1998). Plaintiffs' primary contention is that STJ provided its students with a lower quality education when it moved its classes online. Such claims constitute "education malpractice" and are not actionable.

Fourth, Plaintiffs' claim is barred by the doctrine of impossibility. "Impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible… [T]he impossibility must have been produced by an unanticipated event that could not have been foreseen or guarded against in the contract." *Bierer v. Glaze, Inc.*, 2006 WL 2882569, at *6 (E.D.N.Y. Oct. 6, 2006) (quotation omitted). As a direct result of the Governor's Executive Orders, STJ was unable to provide in-

---

[2] Plaintiffs have also failed to allege that STJ breached this unidentified agreement, since they do not allege that the university "acted in bad faith or in an arbitrary or irrational manner." *Pell v. Trs. of Columbia Univ. in City of N.Y.*, 1998 WL 19989, at *20 (S.D.N.Y. Jan. 21, 1998).
[3] Similarly, as stated on STJ's website, "St. John's University reserves the right to change the programs, policies and services described in this Site at any time without notice." *Terms of Use for St. John's University Web Site*, ST. JOHN'S UNIVERSITY, https://www.stjohns.edu/about/leadership-and-administration/administrative-offices/human-resources/policies.

**GARFUNKEL WILD, P.C.**

Hon. LaShann DeArcy Hall
May 5, 2021
Page 3

person instruction and on-campus services. Furthermore, a statewide shutdown due to a viral pandemic was unforeseen at the time of the contract formation (assuming without conceding a contract even exists). Under these circumstances, STJ was excused from fulfilling any alleged contractual obligations to provide in-person instruction or on-campus services.

### **Plaintiffs' Conversion Claim**

Plaintiffs' conversion claim also fails as a matter of law, for two reasons. First, Plaintiffs' claim is substantively identical to their breach of contract claim, and a claim for conversion "cannot be predicated on a mere breach of contract." *Costoso v. Bank of Am., N.A.*, 74 F. Supp. 3d 558, 574 (E.D.N.Y. 2015). Here, Plaintiffs' conversion claim is based on the exact same action – STJ's transition to online operations – that supposedly violated the alleged contract between the parties. Accordingly, Plaintiffs' claim is based on STJ's alleged breach of contract and must be dismissed. *See In re Columbia Tuition Refund Action*, 2021 WL 790638, at *9 (S.D.N.Y., 2021).[4]

Second, Plaintiffs' claim is improperly based upon their alleged ownership right to the tuition and fees they paid to STJ. However, "there is no cause of action for conversion of intangible property under New York law" (*Farey-Jones v. Buckingham,* 132 F. Supp. 2d 92, 106 (E.D.N.Y. 2001)), and Plaintiffs have not identified a "specific fund" of money in which they have a possessory interest. *Bergeron v. Rochester Institute of Technology*, 2020 WL 7486682, at *10 (W.D.N.Y. 2020). Plaintiffs' conversion claim therefore fails as a matter of law.

### **Plaintiffs' Unjust Enrichment Claim**

Plaintiffs have also failed to state a claim for unjust enrichment. The elements of unjust enrichment are: "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir. 2004).

First, Plaintiffs' claim is barred because it is duplicative of their contract claim. "An unjust enrichment claim is not available where it simply duplicates, or replaces" a contract claim. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). Plaintiffs allege an implied contract between the parties covering the subject matter of this dispute – the type of education and services that STJ students receive. Accordingly, Plaintiffs' unjust enrichment claim arising from the same facts must be dismissed. *See Hassan v. Fordham Univ.*, 2021 WL 1263136, at *4 (S.D.N.Y. 2021).

Second, Plaintiffs do not state how STJ was unjustly enriched by transitioning to online classes and operations. Indeed, the Complaint fails to allege that STJ received tuition and fees and did not use them for their intended purposes.[5] Despite the ongoing pandemic, students were still able to take classes and receive credit toward their degrees, just as they bargained for. Therefore, STJ has not been enriched, let alone unjustly enriched.

For these reasons, STJ intends to move to dismiss Plaintiffs' Complaint in its entirety.

---

[4] Since Plaintiffs' claims are contractual in nature, and as Plaintiffs' do not allege that STJ committed a "pattern of similar conduct directed at the public generally," there is no legal basis for Plaintiffs' request for punitive damages. *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603 (1994). Similarly, Plaintiffs have failed to identify any statute under which they are entitled to treble damages.

[5] STJ used the tuition and fees that it received from its students for the Spring Semester to provide classes and student services just as it would in any other semester. Indeed, even before the COVID-19 pandemic, STJ offered online and in-person classes at the same tuition rate.

**GARFUNKEL WILD, P.C.**

6067620v.4

Hon. LaShann DeArcy Hall
May 5, 2021
Page 4

                                                        Respectfully submitted,

                                                        */s/ Michael J. Keane*

                                                       Michael J. Keane

cc:      All Counsel of Record

**GARFUNKEL WILD, P.C.**

6067620v.4