# LEEDS BROWN LAW, P.C.
One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873- 9550

_____Attorneys at Law_____

July 6, 2022

*Via ECF*
Hon. LaShann DeArcy Hall
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**   **Patel v. St. John's Univ.**
                Lead Case No. 1:20-cv-02114-LDH-CLP

Dear Judge Hall:

      Our firm, along with co-counsel, represents Plaintiffs Patel, Posner, Gallagher, and the putative class in the above-captioned matter. Pursuant to Your Honor's Individual Practice Rule III(A)(1)(b), we write to request a pre-motion conference to remand this case, and consolidated case *Gallagher v. St. John's University*, 1:20-cv-03274-LDH-CLP, to the New York State Supreme Court, Nassau County. For the reasons detailed here, this case should be remanded because there is no valid subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), specifically the mandatory "home state exception" contained within 28 U.S.C. § 1332(d)(4)(B). Defendant concedes that more than 2/3rd of the putative class are residents of New York. However, Defendant maintains jurisdiction has been waived for failing to raise the issue in a "reasonable time." For the reasons addressed below, Defendant's arguments are flawed and should be rejected.

## Background

      This action arises out of Defendant's response to the Novel Coronavirus 2019 ("Covid-19") and its decision to retain the full amount of tuition and fees, despite not providing students, like Plaintiffs, with the educational services contracted for. The online-only learning that Plaintiffs received during the Spring 2020 semester was not what was bargained for. *See* Dkt. 37. Not only did Defendant assess and retain full tuition for that semester, but Defendant also assessed and retained mandatory fees, including a general fee that grants "access … to the use of [different] facilities…." *See* Dkt. 37, ¶ 10. Defendant retained those fees despite denying Plaintiffs access to those facilities and services. *Id.* at ¶¶ 15-17, 61-64.

      On April 21, 2021, Plaintiffs filed their consolidated class action complaint that alleged subject matter jurisdiction over the action under CAFA, 28 U.S.C. § 1332(d). *See* Dkt. 37. Plaintiffs alleged federal subject matter jurisdiction under 28 U.S.C. 1332(d)(2)(A), which

provides for original federal jurisdiction in any class action where the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and where there is "minimal diversity," meaning "any member of a class of plaintiffs is a citizen of a different state from a defendant."

On Sept. 23, 2020, during conference, Magistrate Judge Steven Gold raised jurisdictional issues under CAFA. *See* Dkt. 28. In response, counsel for Plaintiffs requested on three separate dates – via letter on Sept. 23, 2020, via letter on Aug. 23, 2021, and via email on Aug. 31, 2021 – that Defendant produce data on citizenship of the class members enrolled at St. John's. Defendant failed to comply with these requests. As a result, on Oct. 5, 2021, Plaintiffs filed a letter motion to compel Defendant's disclosure of that same information. *See* Dkt. 41. On March 28, 2022, Chief Magistrate Judge Cheryl L. Pollak granted Plaintiffs' motion to compel. *See* Dkt. 47.

On May 25, 2022, Defendant produced documents for the Spring 2020 semester that demonstrated 77% of undergraduate and graduate students enrolled at St. John's were New York State citizens. On June 20, 2022, the parties conferred, and subsequently agreed to a briefing schedule for the parties' pre-motion letters after the July 4th holiday weekend.

**Argument**

1. 77% of the putative class were citizens/residents of New York.

Under 28 U.S.C. § 1332(d)(4)(B), district courts are **required** to decline to exercise jurisdiction under Section 1332(d) where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed. St. John's is the primary defendant in this action. Here, Section 1332(d)(4)(B) is triggered because Defendant concedes more than two-thirds of the putative class (aka the enrolled students) are New York citizens when St. John's records demonstrate that 77% of its enrolled students during the relevant period were citizens/residents of New York. *See* Dkt. 47.

2. Plaintiffs have timely invoked the home state exception of CAFA.

Prior to May 25, 2022 and according to Judge Pollak, Plaintiffs "lack[ed] the information needed to determine whether Section 1332(d)(4)(B) applies in this matter," including the precise composition of the putative class. *See* Dkt. 47. Judge Pollak held that, "[f]urther discovery is necessary to determine whether 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate' are citizens of New York.' 28 U.S.C. § 1332(d)(4)(B). *Id.* (citing *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.,* 2014 WL 2945741(E.D.N.Y. June 30, 2014)). Defendant did not challenge Judge Pollack's holding that a remand "motion would be premature until this factual issue is resolved." Dkt. 47. Instead, Defendant produced data and now repeat arguments raised in opposition to Plaintiffs' motion to compel – i.e., that Plaintiffs have waived that the CAFA exception applies. This argument is flawed, as discussed below.

First, Judge Pollack rejected Defendant's argument, as argued in St. John's prior opposition. *See* Dkt. 42 (waiver as the second primary reason). The Court specifically noted that a remand motion would be "premature" until discovery is completed – which is something that Defendant

refused to produce absent Court order. Defendant improperly raises the same flawed argument rather than moving for reconsideration. It was rejected then and should be rejected here.

Second, even if the Court were to reconsider Defendant's waiver argument, the cases that Defendant cites are distinguishable. For example, Defendant primary relies upon *Gold v. New York Life Ins. Co.*, 730 F.3d 137 (2d Cir. 2013) for the proposition that the "CAFA's home state exception is not jurisdictional" and that waiver applies. Defendant's application of *Gold* to the facts here is flawed. In *Gold*, the Second Circuit affirmed the trial court's holding that waiver did not apply despite: (1) the fact that merits-based discovery had been completed to allow for summary judgment motions to be filed, (2) the case was litigated for over three years and through at least one amendment during discovery, and (3) the defendants already possessed the residencies of their own workers. Here, Plaintiffs have moved to remand less than two weeks after the parties were able to meet and confer about their respective positions and less than 50 days after Defendant produced (only after the Court's order) the relevant data. Therefore, Plaintiffs requests falls within the "reasonable time" requirement for raising the CAFA exception.

The other cases previously cited by Defendant fair no better. *See Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731 (E.D. Mich. July 12, 2017) (finding waiver after two years of litigation, discovery, communications with class members, and dispositive motion practice); *Fulgenzi v. Smith*, 2014 U.S. Dist. LEXIS 187075 (D.N.M. Nov. 13, 2014) (finding waiver under the local controversy exception because the plaintiff moved solely for remand on the home state exception and lost, then waited until after the class action claims were resolved); *Barfield v. Sho-Me Power Elec. Coop.*, 2014 U.S. Dist. LEXIS 47298 (W.D. Mo. April 4, 2014) (finding waiver after a venue change motion was denied, after another CAFA local controversy motion was denied, and after class certification was granted); *Been v. Edgewell Pers. Care Co.*, 2020 U.S. Dist. LEXIS 92179 (E.D. Mo. May 27, 2020) (containing only a stray reference to CAFA but holding a lack of jurisdiction under the FAA).

Here, 16 days after the parties conferred on Defendant's position regarding the CAFA exemption, Plaintiff is filing this letter. That meet and confer took place on June 20, 2022, less than 26 days after Defendant produced the data ordered by Judge Pollak. On June 28, 2022, the parties agreed upon a briefing schedule in which Plaintiffs would file a pre-motion letter on July 6, 2022 to avoid conflicts around the July 4th holiday. Thus, there can be no argument that the parties' attempts to meet and confer on the discovery produced by Defendant on May 25, 2022, and the attempts to enter into a mutually agreeable briefing schedule is unreasonable – or has delayed or prejudiced the parties in any way. Therefore, waiver simply does not apply.

For these reasons, Plaintiffs request that this Court remand these cases to state court under the home state exception of CAFA, 28 U.S.C. § 1332(d)(4)(B).

Respectfully,

Michael A. Tompkins, Esq.
mtompkins@leedsbrownlaw.com

cc: All Counsel of Record (via email).