UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIV PATEL, JAMIE POSNTER, and BRIAN GALLAGHER, on behalf of themselves and other individuals similarly situated,

                      Plaintiffs,

      v.

ST. JOHN'S UNIVERSITY,

                      Defendant.

**MEMORANDUM AND ORDER**
20-CV-2114 (LDH)(CLP)

---

LaSHANN DeARCY HALL, United States District Judge:

Shiv Patel, Jamie Posner, and Brian Gallagher ("Plaintiffs") individually and on behalf of others similarly situated, bring this consolidated class action against St. John's University ("Defendant") alleging breach of contract, conversion, and unjust enrichment. Plaintiffs move for remand pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(4)(A).

## BACKGROUND

On May 8, 2020, Plaintiff Patel, an undergraduate student attending Defendant university, filed a complaint alleging breach of contract and unjust enrichment, on behalf of himself and others similarly situated. (*See* Compl., ECF No. 1.) Two months later, on July 21, 2020, Plaintiff Gallagher filed a similar complaint on behalf of himself and others similarly situated. (*See Gallagher v. St. John's University*, 20-CV-3274 ("Gallagher Action"), ECF No. 1.) On August 12, 2020, after Defendant sought a pre-motion conference concerning its anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Patel filed an amended complaint which purported to correct the deficiencies Defendant identified. (*See* Am. Compl., ECF No. 21; *see also* Def.'s Pre-motion Conf. Ltr., ECF No. 17;

Pls.' Resp., ECF No. 19.)  The amended complaint added Plaintiff Posner, who is a graduate student attending Defendant university, added more factual allegations, and added a claim for conversion.  (*See* Am. Compl. ¶ 16.)

On September 23, 2020, Magistrate Judge Steven M. Gold held a telephonic conference, at which time he suggested that the "home state" exception to CAFA may divest the Court of jurisdiction.  (Sept. 23, 2020, Status Conf. Tr. 7:6–13, ECF No. 52.)  After Defendant confirmed that it would not make a motion to remand pursuant to any CAFA exception, Judge Gold reiterated "that [he had] some concern that the Court has a sua sponte obligation to inquire about subject matter jurisdiction" and that the complaint may be dismissed based on the exception.  (*See id.* 8:13–9:9.)  In a minute entry and order, Judge Gold directed the parties to consider whether diversity jurisdiction existed given the citizenship of the parties.  (*See* ECF No. 28.)  That same day, Plaintiffs sent a letter to Defendant requesting "information pertaining to the citizenship of putative class members, including the putative class members that are citizens of New York, citizens of other states, and international citizens."  (Pls.' Mot. to Compel, Ex. A ("Sept. 23, 2020 Ltr."), ECF No. 41.)  On October 9, 2020, seemingly ignoring Judge Gold's directive and concern, Defendant responded that "the Court has subject matter jurisdiction over this litigation regardless of whether one of the CAFA exceptions applies," and because "Plaintiffs have chosen to file this lawsuit in federal court, and as [Defendant] has not invoked either of the CAFA exceptions," there were no jurisdictional issues to determine.  (Pls.' Mot. to Compel, Ex. D ("Oct. 9, 2020 Ltr."), ECF No. 41.)

On November 20, 2020, Plaintiffs filed a joint motion to consolidate and appoint lead counsel.  Upon a *sua sponte* report and recommendation, such motion was granted on April 14, 2021.  (*See* April 14, 2021 Order.)  After Plaintiffs filed their consolidated complaint on April

2

21, 2021 (("Consol. Compl."), ECF No. 37), Defendant filed a pre-motion conference letter concerning Rule 12(b)(6) dismissal.  (ECF No. 38.)  On July 29, 2021, the Court held a pre-motion conference at which it indicated skepticism of Plaintiffs' claims and set a briefing schedule requiring the fully briefed motion to be filed by October 29, 2021.

On August 23, 2021, before Defendant served its motion to dismiss, Plaintiffs transmitted a second letter seeking information concerning the citizenship of Defendant's student body.  (Pls.' Mot. to Compel, Ex. B ("Aug. 23, 2021 Ltr."), ECF No. 41.)  Plaintiffs asserted that the Court lacked jurisdiction because the home state exception "provides that a district court *shall* decline to exercise jurisdiction," and requested Defendant's position as to entering a Rule 41 stipulation to dismiss or in the alternative, citizenship data establishing that the matter did not fall within the home state exception.  (*Id.*) (emphasis in original).  Defendant failed to respond.  Plaintiffs again sent an email reiterating their position on jurisdiction and requesting jurisdictional discovery.  (Pls.' Mot to Compel, Ex. C ("Aug. 31, 2021 Email"), ECF No. 41.)  On August 31, Defendant responded to Plaintiffs' letter indicating its disagreement concerning the applicability of the CAFA exception, and its refusal to stipulate to dismissal.  (Pls.' Mot. to Compel, Ex. D ("Aug. 31, 2021 Ltr."), ECF No. 41.)  Specifically, Defendant accused Plaintiffs of forum shopping, reiterated its position that CAFA exceptions are not jurisdictional, and argued that Plaintiffs' attempt to remand was untimely.  (*Id.*)

On October 5, 2021, Plaintiffs moved to compel disclosure of Defendant's student body citizenship data in order to determine whether CAFA's home state exception applied which would necessitate remand to state court.  (*See* Pls.' Mot. to Compel, ECF No. 41.)  Defendant opposed the motion, arguing that Plaintiffs already had access to the data that they purportedly needed and that Plaintiffs waived their right to raise the CAFA exception because they waited

3

nearly one and a half years to raise it. (*See* Def.'s Opp'n to Pls.' Mot. to Compel, ECF No. 42.) The Court referred the motion to Chief Magistrate Judge Cheryl L. Pollak, who granted it on March 28, 2022. (*See* March 28, 2022 Order, ECF No. 47.) Judge Pollak found that Plaintiffs did not have access to the citizenship data required to make their remand motion because the publicly available information was conflicting, and only reflected the undergraduate citizenship, not graduate students who were part of the proposed class. (*Id.* at 5.) Judge Pollak also determined that a motion for remand and a determination as to whether Plaintiffs waived the exception were both premature until the citizenship of the class was resolved. (*Id.* at 6.) Judge Pollak ordered Defendant to produce all relevant data and materials within 60 days of March 28, 2022, and stayed the case pending the outcome of Plaintiffs' anticipated motion for remand. (*Id.* at 6–7.)

On July 6, 2022, Plaintiffs requested a pre-motion conference concerning their anticipated motion for remand (Pls.' Pre-motion Conf. Ltr., ECF No. 48), and filed their motion to remand on September 23, 2022. (Pls.' Mot. to Remand, ECF No. 51.)

## DISCUSSION

CAFA provides jurisdiction over class actions "involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states." *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013) (citing 28 U.S.C. § 1332(d)(2)). But, pursuant to the so-called "home state" exception, a "district court shall decline to exercise jurisdiction . . . over a class action in which . . . two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* (quoting 28 U.S.C. § 1332(d)(4)(B)).

4

Plaintiffs seek to remand this matter to state court because, they assert, two-thirds or more of the members of their proposed classes are citizens of New York.  Defendant does not dispute that the home-state exception is applicable here, nor could it.  Documents Defendant produced to Plaintiffs on May 25, 2022, demonstrate that 77 percent of undergraduate and graduate students enrolled at Defendant university were New York State citizens in 2020, and Defendant is a citizen of New York.  (Pls.' Pre-motion Conf. Ltr); *See* 28 U.S.C. § 1332(d)(4)(B) ("A district court shall decline to exercise jurisdiction . . . over a class action" when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizen of the State in which the action was originally filed").  Instead, Defendant argues that Plaintiffs have waived the exception by invoking the Court's jurisdiction in the first instance, and by their delay in seeking remand.[1]  The Court disagrees.

Although there is no specific time limit, a party must raise the home state exception "within a reasonable time" or it will be deemed waived.[2]  *See Gold*, 730 F.3d at 142 (2d Cir. 2013); *see also Graphic Commc'ns. Loc. 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 976 (8th Cir. 2011).  While it is preferable that a party raises a CAFA exception "at the earliest practicable time," "what is reasonable will vary according to the relevant facts."  *Gold*, 730 F.3d at 142.  To determine whether the exception has been waived, courts must consider the amount of time between the remand motion and the complaint, the time at which the home state exception could have been raised, the state of the proceedings, and judicial resources expended.  *See Gold*, 730 F.3d at 142–43.  "[T]he party seeking to avail itself of an exception to

---

[1] While Plaintiff appears to argue that the CAFA exception is jurisdictional, such that the Court lacks jurisdiction if it is applicable, that argument is incorrect.  *See Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013) (affirming that "decline to exercise means that the exception is not jurisdictional").  Because the exception is not jurisdictional, Defendants are correct that it must be raised "within a reasonable time."  *Id.*

[2] To be sure, 28 U.S.C. § 1447(c) imposes a 30-day deadline on remand motions, but this deadline does not apply to remand motions pursuant to CAFA.  *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-cv-1238, 2014 WL 2945741, at *7–8 (E.D.N.Y. June 30, 2014).

CAFA jurisdiction over a case originally filed in federal court bears the burden of proving the exception applies." *Anirudh v. CitiMortgage, Inc.*, 598 F. Supp. 2d 448, 451 (S.D.N.Y. 2009) (quoting *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 79 (S.D.N.Y. 2006)); *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Critically, where a party was unable to move for remand earlier because it did not yet have the evidence to meet its burden, a court may find a motion timely even as late as three years after the initial filing. *See Gold*, 730 F.3d at 142 (2d Cir. 2013) (affirming a district court's determination that a three-year delay to raise the home state exception was reasonable).

Here, Plaintiffs brought their motion within a reasonable time. Plaintiffs did not have access to the data necessary to invoke the home state exception until May 25, 2022, after Judge Pollak ordered Defendant to produce it. (*See* March 28, 2022 Order at 5–6, ECF No. 47.) Plaintiffs sought remand soon after, on July 6, 2022. (Pls.' Pre-motion Conf. Ltr. at 3.) The passage of six weeks is not unreasonable, in light of the parties' June 20, 2022 meet and confer concerning this issue, and their June 28, 2022 agreement to address remand with the Court after Independence Day. (*Id.*) Moreover, the case is still in its infancy. The limited citizenship discovery is the only discovery that has taken place thus far, and while the parties briefed Defendant's motion to dismiss, that motion was denied pending the outcome of Plaintiffs' motion to remand. To be sure, the Court, Judge Pollak, and Judge Gold have held status conferences, but this does not amount to waiver in light of the other circumstances present in this matter. *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 14-CV-1238, 2014 WL 2945741, at *9 (E.D.N.Y. June 30, 2014) (finding remand timely where the court had not yet held an initial conference or spent significant resources).

Nonetheless, Defendant maintains that Plaintiffs' motion is untimely because Judge Gold raised the exception in September 2020, but Plaintiffs did not act on it until it appeared that their complaint might be dismissed. (Def.'s Opp'n to Pls.' Pre-motion Conf. Ltr., at 2–3, ECF No. 49.) But, the fact that Judge Gold raised the exception does not mean that Plaintiffs knew it applied. The cases on which Defendant relies for its proposition that Plaintiffs have waived the CAFA exception are distinguishable because in each case, the movant either had sufficient evidence to raise the exception sooner than it did, provided no explanation for its untimeliness, or was not prevented from accessing the information by the defendant as here. *See Martin v. Trott L., P.C.*, 265 F. Supp. 3d 731, 745 (E.D. Mich. 2017) (finding that a CAFA exception was untimely because movant "had access over the past two years to ample information . . . from which to infer basic facts about state of residence of potential class members," and "ha[d] not explained any reason why he could not have timely raised, at the very outset of this case, the same arguments that he now makes, based on the same facts on which he now relies"); *Fulgenzi v. Smith*, No. 1:12-CV-1261, 2014 WL 11497836, at *3 (D.N.M. Nov. 13, 2014) (finding Plaintiff waived CAFA exception on second motion to remand because Plaintiff "was aware of the potential application of the local controversy exception when he filed his first motion to remand," and "elected not to assert [it] until after a related class action had settled and after Plaintiff's claims were released"); *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-CV-04321, 2014 WL 1343092, at *2–3 (W.D. Mo. Apr. 4, 2014) (finding movant waived CAFA exception by failing to raise it until 20 months after it indicated an intent to move, without providing a reason for delay, and after extensive discovery and motions practice); *Been v. Edgewell Personal Care Co.*, No. 4:19-CV-2601, 2020 WL 2750365, at *2 (E.D. Mo. May 27, 2020) (finding

7

waiver where movant previously represented to the Court that the case was properly removed to federal court).[3]

Defendant also accuses Plaintiffs of forum-shopping, but its own conduct is suggestive of the same improper purpose. Indeed, Plaintiffs requested the data necessary to raise the exception the day of the conference with Judge Gold, but Defendant refused to provide it. And, it did so again on two separate occasions. (Pls.' Mot. to Remand at 2, ECF No. 48.) Thus, to the extent Plaintiffs' conduct is indicative of forum-shopping, Defendant's is as well.

Finally, Defendant passingly argues that Plaintiffs waived the CAFA exception by filing their complaint in federal court, but they do not cite any legal authority in support of this proposition. Indeed, nothing in the statute suggests that Congress intended for cases that satisfy the exception should be overcome based upon a plaintiff's initial choice of forum.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
      May 15, 2023

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[3] The Court invited Defendant to provide additional authority in support of its position at the pre-motion conference. It did. But, these cases too are distinguishable. In *Banks v. E.I. Dupont De Nemours Co.* the plaintiffs waived the CAFA exception by agreeing to withdraw their remand motion in exchange for Defendants lack of opposition to Plaintiffs' motion to amend the complaint. *See* No. 19-1672, 2021 WL 7209361, at **1, 4 (D. Del. Dec. 2, 2021). In *Akeem v. Dasmen Residential, L.L.C.*, the court denied plaintiffs' motion for reconsideration of the court's order denying remand because plaintiff raised arguments that could have been raised in the first remand motion and because the parties and court spent "hundreds of hours" litigating the case. *See* No 19-13650, 2021 WL 5371140, at *4 (E.D. La. Nov. 18, 2021). Finally, the court in *Calingo v. Meridian Resources Co. LLC*, decided before *Gold*, held the plaintiffs to a 30-day standard, and there is no discussion as to whether plaintiffs provided a justification for their delay. *See* No. 7:11-CV-628, 2011 WL 3611319, at *6 (S.D.N.Y. Aug. 16, 2011). The Court therefore declines to rely on these cases as they are all inapposite.